# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

BEAU COLEMAN,

                                                  Plaintiff,

    v.                                                          6:14-CV-988 (TJM/ATB)

ONEIDA COUNTY, et al.,

                                                  Defendants.

BEAU COLEMAN, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent to the Court a civil rights complaint, filed by pro se plaintiff Beau Coleman. (Dkt. Nos. 1). Plaintiff originally filed an application to proceed in forma pauperis ("IFP") on August 8, 2014. (Dkt. No. 2). On August 12, 2014, Senior Judge McAvoy ordered administrative closure of this action and gave plaintiff the opportunity to either pay the filing fee or submit the proper documentation for his IFP application. (Dkt. No. 4). On August 22, 2014, the case was reopened after plaintiff informed the court that he was no longer incarcerated, and that the Inmate Authorization Form that was missing from his initial application was no longer required. (Dkt. No. 6). Plaintiff's updated motion for IFP status is currently before me for review. (Dkt. No. 7). For the following reasons, this court will grant plaintiff's IFP application, and will recommend dismissal with prejudice pursuant to 28 U.S.C. § 1915

(e)(2)(B)(i)-(iii) as against the named defendants, but will recommend dismissal without prejudice to the extent that plaintiff is able to submit a proposed amended complaint stating a claim based on the discussion below.

## I. **IFP Application**

A review of plaintiff's updated IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 7). This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been

served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II.    Complaint**

Plaintiff alleges that between March of 2010 and July of 2011 the Oneida County District Attorney and the Rome City Court Judge[1] issued an "illegal order of protection" against plaintiff, causing his arrest, "malicious prosecution," "unlawful imprisonment," and "descrimination [sic]" "on numerous occasions" during the same time period. (Complaint ("Compl. ¶ 4) (Dkt. No. 1). He states that the District Attorney maliciously prosecuted plaintiff, which led to his unlawful imprisonment. (*Id.*) Plaintiff

---

[1] The Rome City Court Judge is not a named defendant in this action.

3

claims violations of his Fourth, Fifth, and Fourteenth Amendment rights. (*Id.*) He seeks substantial monetary relief.

**III. <u>Absolute Immunity</u>**

    **A.    Legal Standards**

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Flagler v. Trainor*, 663 F.3d 543, 546-47 (2d Cir. 2011) (prosecutors are generally immune from liability under section 1983 for conduct in furtherance of prosecutorial functions that are "intimately associated with initiating or presenting the State's case.); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the Grand Jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for

4

his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

**B.     Application**

Plaintiff in this case has named "the District Attorney of Oneida County," alleging that he caused plaintiff's arrest, unlawful imprisonment, and malicious prosecution based upon the issuance of an "illegal order of protection." Absolute immunity has been extended to District Attorneys in claims of malicious prosecution. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995). *See Hill v. City ov New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (holding prosecutors and those working under their direction absolutely immune for malicious prosecution and for conduct before a grand jury) . This is true regardless of the legality of the basis of the prosecution. *Id.* Absolute immunity extends to claims that arise from the prosecution itself, including claims of "unlawful imprisonment." *Best v. City of New York*, No. 11 Civ. 4475, 2012 WL 5458054, at *6 (S.D.N.Y. Nov. 8 2012) (citing *Lee v. Willins*, 617 F.2d 320, 322 (2d Cir. 1980) (absolute immunity extends to injuries arising solely from the prosecution itself such as being compelled to stand trial or suffer imprisonment or pretrial detention, which results "in substantial part from the protected prosecutorial activities of initiating the prosecution or presenting the state's case). Thus, the complaint may be dismissed as against the unnamed District Attorney of Oneida

County.[2]

Although plaintiff also names the Oneida County Attorney and the Oneida County Clerk, there are absolutely no facts in the complaint that relate to either of these defendants. It is unclear how the County Attorney or the County Clerk were involved in any alleged "malicious prosecution" of plaintiff. Plaintiff claims that the District Attorney (who has absolute immunity as stated above) and the Rome City Court Judge[3] were responsible for the "illegal order of protection." (Compl. ¶ 4). Personal involvement of a defendant in an alleged constitutional violation is required for the assessment of damages. *Williams v. Smith, supra*. Plaintiff has not alleged how either the County Attorney or the County Clerk were personally involved in any alleged constitutional violations.

Rule 8 of the Federal Rules of Civil Procedure requires that the complaint contain a "short and plain statement of the claim, showing that the pleader is entitled to

---

[2] The court also notes that personal involvement is required for the assessment of damages in a section 1983 action. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). In this case, plaintiff has not named any particular individuals as defendants. It is unclear whether the District Attorney or one of the Assistant District Attorneys was involved with plaintiff's criminal case. However, for absolute immunity purposes it is irrelevant whether the responsible individual was the District Attorney him or her self or an assistant district attorney.

[3] As stated above the City Court Judge was not named as a defendant. Even if plaintiff had named the judge as a defendant, he or she would be entitled to the same absolute immunity afforded to the prosecutor for actions taken in connection with a judicial proceeding. With minor exceptions, not relevant herein judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Issuing an order of protection is clearly related to the exercise of the judge's judicial function. Thus, any attempt at naming the judge would have been futile.

6

relief." Fed. R. Civ. P. 8(a)(2). In this case, plaintiff's complaint contains **no statement** of any claim against the County Attorney or the County Clerk. Without any factual allegations, it would be impossible for these defendants to file an answer to the complaint. Thus, the complaint may be dismissed as against the Oneida County Attorney and the Oneida County Clerk.

Even if plaintiff had claimed that the County Attorney was involved in the prosecution involving the order of protection, the County Attorney would be entitled to absolute immunity to the extent that his or her actions were intimately involved in the judicial process.[4] *See e.g. Palkimas v. Bella*, No. 3:08-CV-1836, 2010 WL 2712192, at *4 (D. Conn. July 6, 2010) (County Attorney afforded absolute immunity when acting as an advocate by bringing evidence to the attention of the court). To the extent that the Clerk of the Court was involved with the issuance of the protective order, signed by the Judge, the Clerk would also be entitled to absolute immunity.[5] *See Topolski v. Wrobleski*, No. 5:13-CV-872, 2014 WL 2215761, at *5-6 (N.D.N.Y. May 29, 2014)

---

[4] Because plaintiff does not make any claims against the County Attorney, the court is left to speculate. However, it has also been held that individuals, including County Attorneys, who initiate and prosecute child protective orders or litigate family court petitions, are entitled to absolute immunity. *Walden v. Wishengrad*, 745 F.2d 149, 152 (2d Cir. 1984), *cited in Cornejo v. Bell*, Nos. CV-04-341, CV-06-2910, 2008 WL 5743934 (E.D.N.Y. May 19, 2008). *See also Baumgarten v. Suffolk County*, No. 12-CV-171, 2013 WL 3973089, at *4 (E.D.N.Y. July 31, 2013 ) (citing inter alia *Cetenich v. Alden*, 11 F. Supp. 2d 238, 241 (N.D.N.Y. 1998) (extending absolute immunity to municipal attorneys who initiate civil actions to enforce municipal housing codes)).

[5] Clerks are only entitled to qualified immunity for "minesterial" or "non-judicial duties." *Topolski, supra* at *5 (citing *McKnight v. Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010)).

(citations omitted).

IV. *Heck v. Humphrey*

    A. **Legal Standards**

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a section 1983 action seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486-87.

    B. **Application**

Although not necessary to this court's decision, it should be noted that if a decision in plaintiff's favor regarding the illegality of the order of protection would invalidate a subsequent criminal conviction, based upon a violation of that protective order, plaintiff would be unable to bring such a claim unless that criminal conviction had been reversed, expunged, declared invalid by a state court, or called into question by a federal habeas court. *Heck, supra*. Plaintiff has failed to allege sufficient facts for this court to make any such determination, but *Heck* would be an alternate basis for dismissal under those circumstances.

## V. Municipal Liability

### A. Legal Standard

It is well-settled that in order to establish liability of a municipality pursuant to 42 U.S.C. § 1983 for violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy" which is the 'moving force' behind [the violation]." *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted). A municipality may not be held liable on the basis of respondeat superior alone. *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), [overruled on other grounds by *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)].[6]

### B. Application

In this case, plaintiff names Oneida County only in the caption of the complaint. Plaintiff cites no policy or custom of Oneida County, sufficient to establish municipal liability. In addition, to the extent that he seeks to name Oneida County as supervisor of the District Attorney, the claim may be dismissed. It is well-settled that the "County" District Attorney acts for the State, not the County, when prosecuting a

---

[6] The Second Circuit has continued to rely on *Dwares* for the proposition stated by Judge Kahn after the Supreme Court, in *Leatherman*, rejected a heightened pleading requirement to establish municipal liability under section 1983. *See, e.g., Okwedy v. City of New York*, 195 Fed. Appx. 7, 10 (2d Cir. 2006); *Dyno v. Village of Johnson City*, 240 Fed. Appx. 432, 434 (2d Cir. 2007).

criminal matter. *Norton v. Town of Brookhaven*, No. 13-CV-3520, 2014 WL 3746484, at *24 (E.D.N.Y. July 30, 2014) (citing *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988)). The only exception to this rule is when the action involves conduct that is "administrative" in nature such as workplace hiring, payroll administration, the maintenance of physical facilities, and other like conduct. *Id.* (citing *Van de Camp v. Goldstein*, 555 U.S. 335, 344 (2009)).

In this case, plaintiff cites no conduct that would fit within the exception, and the County may not be held liable for the actions of the District Attorney under the circumstances outlined in the complaint. In *Norton*, the court held that even if plaintiff were challenging the District Attorney's failure to supervise his trial attorneys on their basic trial advocacy duties, this practice would be directly related to the discretion to prosecute and the County could not be held to dictate those policies. *See also Pinaud v. County of Suffolk*, 52 F.3d at 1154 n.15 (citing case law suggesting that, because a district attorney represents the state, not the county, when prosecuting a criminal matter, a plaintiff simply cannot state a section 1983 malicious prosecution claim against the county based upon the actions of district attorneys in bringing a prosecution). Thus, to the extent that plaintiff is attempting to sue Oneida County as a municipality, the claim may be dismissed.

## VI. Opportunity to Amend

### A. Legal Standard

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). If the problem with plaintiff's causes of action is "substantive," better pleading will not cure it, and amendment is futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### B. Application

In this case, the court finds that any attempt of the plaintiff to amend this complaint as against the named defendants would be futile. Because the prosecutors are absolutely immune from suit, plaintiff would not be able to amend his complaint to state a viable claim against them, and the complaint may be dismissed with prejudice as against the District Attorney and the County Attorney of Oneida County.

The plaintiff makes no claims against the Oneida County Clerk, and to the extent that the Clerk's involvement was to be involved in the protective order, signed by the Judge, the complaint may be dismissed with prejudice. To the extent that plaintiff attempts to make Oneida County responsible for the acts of its District Attorney, it would also be futile to amend his complaint because, substantively, the County is not the District Attorney's supervisor for prosecutorial purposes.

The court entertains serious doubts that plaintiff could amend his complaint to state a viable claim against any defendants. However, there may be other facts that plaintiff has not stated that would allow him to state a claim. To the extent that plaintiff can do so without running afoul of the legal standards stated above, the court will recommend dismissal without prejudice to filing a proposed amended complaint for this court's review.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 7) is **GRANTED**, and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** to the extent outlined above, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) as against all currently named defendants – the Oneida County District Attorney, the Oneida County Attorney, Oneida County Clerk and Oneida County, and it is

**RECOMMENDED**, that the complaint be **DISMISSED WITHOUT PREJUDICE** to the extent that plaintiff can submit a proposed amended complaint[7] against any other defendant who is amenable to suit as stated above, and it is

**RECOMMENDED**, that if the District Court approves this recommendation, plaintiff be afforded **SIXTY (60) DAYS** to submit an amended complaint for the

---

[7] Any proposed amended complaint shall completely supercede the original complaint.

court's review, and it is

**ORDERED**, that if the court approves this recommendation, and plaintiff submits a timely proposed amended complaint as outlined above, the Clerk of the Court shall send the proposed amended complaint to me for further review, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 9, 2014

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge